E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| MARK CHAMBERLAIN | ) | Case No. |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| "SEE ATTACHED" | ) | |
| | ) | |
| THE CITY OF PHILADELPHIA | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names. Do not include addresses here.)* | | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENN.

CIVIL DIVISION

MARK CHAMBERLAIN

V.

THE CITY OF PHILA.
INSPECTOR RAYMOND EVERS
CHIEF INSPECTOR ANTHONY BOYLE
P/O TIMOTHY BOGAN # 3358
P/O TYRA DEVEAUX # 3212
P/O JEFFERY GALAZKA # 7481
P/O RICHARD WOERTZ # 7328
SGT. PATRICK LOVE # 8554
D.A. REP. JASON MORGAN
JOSEPH L. COLEMAN ESQ.
HON. ROBERT P. COLEMAN
HON. CHARLES EHRLICH
A.D.A. GREG MAZMANIAN
MAYOR JIM KENNEY
COMM. CARNEY BLANCHE
THE PHILA. PRISON SYSTEM

DEFENDANTS

CASE NO.

ATTACHED TO PAGE 1

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                MARK CHAMBERLAIN
All other names by which
you have been known:                MARK CHAMBERS
ID Number                           859335
Current Institution                 RIVERSIDE CORRECTIONAL FACILITY
Address                             8151 STATE ROAD

PHILADELPHIA          PA.          19136
  *City*                *State*     *Zip Code*

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
    Name                 THE CITY OF PHILADELPHIA.
    Job or Title *(if known)*  AND THE PHILA. PRISON SYSTEM
    Shield Number
    Employer
    Address

    PHILADELPHIA      PA.
      *City*           *State*           *Zip Code*
    ☒ Individual capacity   ☒ Official capacity

Defendant No. 2
    Name                 TIMOTHY BOGAN
    Job or Title *(if known)*  POLICE OFFICER  (N.F.U.)
    Shield Number        03358
    Employer             THE CITY OF PHILADELPHIA
    Address

      *City*           *State*           *Zip Code*
    ☒ Individual capacity   ☒ Official capacity

Page 2 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
    Name      TYRA DEVEAUX
    Job or Title *(if known)*      POLICE OFFICER  (V.C.R.T.)
    Shield Number      3212
    Employer      THE CITY OF PHILADELPHIA
    Address

         City        State        Zip Code

    ☒ Individual capacity      ☒ Official capacity

Defendant No. 4
    Name      ANTHONY BOYLE
    Job or Title *(if known)*      CHIEF INSPECTOR (RECENTLY FIRED)
    Shield Number      UNKNOWN
    Employer      THE CITY OF PHILADELPHIA
    Address

         City        State        Zip Code

    ☒ Individual capacity      ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4TH AMENDMENT ILLEGAL ARREST, SEARCH, SEIZURE AND DETENTION 5TH AMENDMENT ILLEGAL DELAY IN COURT PROCEEDING, FRAUD IN PROSECUTION, FALSIFIED EVIDENCE, SUPPRESSION OF EXCULPATORY EVIDENCE, FAVORTISM TOWARDS POLICE OFFICER WITNESSES, ABUSE OF AUTHORITY, INTENTIONAL DISREGARD FOR THE TRUTH, ABUSE OF PROCESS, CONTINUANCE OF ALLOWING A FRAUD UPON THE COURT, DEPRIVATION OF PROPERTY WITHOUT JUSTIFICATION OR COMPENSATION, FAILURE TO PROVE A OR SHOW A CRIME WAS COMMITTED

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

DEFENDANT NO. 5

NAME
JOB OR TITLE
SHIELD #
EMPLOYER
ADDRESS

JEFFERY GALAZKA
POLICE OFFICER   (N.F.U.)
7481
THE CITY OF PHILADELPHIA

CAPACITY

☒ INDIVIDUAL   ☒ OFFICIAL

DEFENDANT NO. 6

NAME
JOB OR TITLE
SHIELD #
EMPLOYER
ADDRESS

RICHARD WOERTZ
POLICE OFFICER
7328
THE CITY OF PHILADELPHIA

CAPACITY

☒ INDIVIDUAL   ☒ OFFICIAL

DEFENDANT NO. 7

NAME
JOB OR TITLE
SHIELD
EMPLOYER
ADDRESS

PATRICK LOVE
SERGEANT OFFICER
8554
THE CITY OF PHILADELPHIA

CAPACITY

☒ INDIVIDUAL   ☒ OFFICIAL

DEFENDANT NO. 8

NAME
JOB OR TITLE
SHIELD
EMPLOYER
ADDRESS

JASON MORGAN
DISTRICT ATTORNEY REPRESENTATIVE

THE CITY OF PHILADELPHIA

CAPACITY

☒ INDIVIDUAL   ☒ OFFICIAL

ATTACHED TO PAGE 3

DEFENDANT NO. 9

    NAME            JOSEPH L. COLEMAN ESQ.

    JOB OR TITLE   DEFENSE LAWYER (COURT APPOINTED)

    SHIELD

    EMPLOYER     MONTOYA COLEMAN L.L.C.

    ADDRESS      100 S. BROAD STREET (STE. 1216) PHILA. PA. 19110

       CAPACITY   ☒ INDIVIDUAL   ☒ OFFICIAL

DEFENDANT NO. 10

    NAME            ROBERT P. COLEMAN

    JOB OR TITLE   JUDGE

    SHIELD

    EMPLOYER     THE CITY OF PHILADELPHIA

    ADDRESS      1301 FILBERT ST. (CH. 429) PHILA. PA. 19107

    CAPACITY     ☒ OFFICIAL

DEFENDANT NO. 11

    NAME            CHARLES A. EHRLICH

    JOB OR TITLE   JUDGE

    SHIELD

    EMPLOYER     THE CITY OF PHILADELPHIA

    ADDRESS      1301 FILBERT ST. (STE. 1419) PHILA. PA. 19107

    CAPACITY     ☒ OFFICIAL

DEFENDANT NO. 12

    NAME            GREG MAZMANIAN

    JOB OR TITLE   ASSISTANT DISTRICT ATTORNEY

    SHIELD

    EMPLOYER     THE CITY OF PHILADELPHIA

    ADDRESS      THREE PENN SQUARE

                    PHILA. PA. 19107

    CAPACITY     ☒ OFFICIAL

ATTACH (2) TO PAGE 3

DEFENDANT NO. 13
    NAME
    JOB OR TITLE          JIM   KENNEY
    SHIELD             MAYOR OF PHILADELPHIA
    EMPLOYER
    ADDRESS         THE CITY OF PHILADELPHIA
                   CITY HALL
         CAPACITY   ☒   OFFICIAL


DEFENDANT NO. 14
    NAME         CARNEY BLANCHE/THE PHILA. PRISON SYSTEM
    JOB OR TITLE     COMMISSIONOR OF PHILA PRISONS
    SHIELD          UNKNOWN
    EMPLOYER     THE CITY OF PHILA. PRISON SYSTEM
    ADDRESS      7901 STATE ROAD PHILA. PA. 19136
    CAPACITY     ☒ INDIVIDUAL     ☒ OFFICIAL


CONTINUE SECTION II BASIS FOR JURISDICTION (PARAGRAPH B)

6TH AMENDMENT - FAILURE TO GIVE A FAIR AND SPEEDY TRIAL INTENTIONALLY DELAYING TRIAL, FAILURE TO FORMALLY NOTIFY/ARRAIGN FAILURE TO PROVIDE ADEQUATE COUNSEL, PUNISHMENT FOR PLAINTIFF'S CHOOSE TO REPRESENT HIMSELF, DENIAL OF COURT ACCESS/LAW LIBRARY

8TH AMENDMENT - EXCESSIVE BAIL, REVOCATION OF BAIL, EXCESSIVELY HELD WITHOUT BAIL, EXCESSIVE USE OF QUARANTINE, PLACED IN DISCIPLINARY SITUATIONS CAUSE OF COVID-19, NOT BEING GIVEN HEALTHY, SAFE ENVIROMENT FOR HOUSING OR SLEEPING, DEPRIVATION OF PROPER PROTECTIVE EQUIPMENT, DEPRIVATION OF PROPER TRAINED MEDICAL STAFF

14TH AMENDMENT - FAILURE TO EQUAL PROTECT PRO-SE DEFENDANTS RIGHTS TO THE LAW, PROPERLY DISCHARGE INDIVIDUALS WHO WERE SUBJECTED TO THE SAME ILLEGAL POLICE TACTICS AS WERE IN THE PAST, FAILURE TO PROTECT INMATES FROM COVID-19 AS ANY OTHER PERSON OR STAFF PERSONOL, FAILURE TO RELEASE PLAINTIFF AS OTHERS WERE RELEASED FOR NON-VIOLENT OFFENSES, DEPRIVATION OF DUE PROCESS OF LAW, CONTINUATION OF VIOLATING PLAINTIFF'S RIGHTS EVEN AFTER BEING INFORMED

ATTACH (3) TO PAGE 3

PLEASE SEE THE BACK OF THIS PAGE →

DEFENDANT NO. 15

NAME                  RAYMOND EVERS
JOB OR TITLE          POLICE INSPECTOR FOR NARCETIC BUREAU
SHEILD                UNKNOWN #
EMPLOYER              THE CITY OF PHILADELPHIA
ADDRESS               UNKNOWN
CAPACITY              ☒ INDIVIDUAL    ☒ OFFICIAL

CONTINUATION OF SECTION II BASIS FOR JURISDICTION PARA. (B)

• 4TH AND 14TH
• 5TH AND 14TH
• 6TH AND 14TH
• 8TH AND 14TH

ADDED TO PAGE 5
ADD ATTACH(3) FROM
FRONT OF THIS PAGE

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

THIS SECTION IS ALL INCLUDED BELOW IN SECTION IV "STATEMENT OF CLAIM"        SEE ATTACHMENTS

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [x] Other *(explain)*   CAPTIVE, ILLEGALLY DETAINED, KIDNAPPED  ETC...

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

SEE ATTACHMENTS

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHMENTS

C.      What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHMENTS

D.      What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHMENTS

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHMENTS

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.    SEE ATTACHMENTS

THE CITY OF PHILADELPHIA IS BEING NAME IN THIS COMPLAINT AS BEING DIRECTLY RESPONSIBLE FOR ALL EVENTS IN WHICH TOOK PLACE AND OR STILL TAKENING PLACE. THE CITY IS TO BLAME BY LACK OF TRAINING STAFF MEMBERS THAT WORK FOR THE CITY. THERE IS ALSO A RESPONSIBILITY IN WHICH THE CITY HAS FAILED TO ADHERE TO, BY NOT CORRECTED THE WRONGS DONE BY EMPLOYEES (EX. CHIEF INSPECTOR ANTHONY BOYLE, IN CHARGE OF THE NARCOTIC BUREAU)(EX. INSPECTOR RAYMOND EVERS)(NARCOTIC FIED UNIT)

THERE IS AND HAS BEEN AN ABUNDANCE OF CIVIL RIGHTS VIOLATIONS CARRIED OUT BY THE NARCOTIC BUREAU (THROUGHOUT HISTORY) AND DUE TO THE CITY'S NEGLIGENCE IN SUPERVISION, ATTEMPTS TO KEEP THE ISSUES QUIET, AND OR JUST ALLOW BECAUSE OF THE DEPENDANCE (ON THE PEOPLE) ON IGNORANCE OF THOSE WHO ARE BEING VIOLATED, WE NOT ONLY HAVE THE CURRENT PLAINTIFF (MARK CHAMBERLAIN) BEING VIOLATED BUT WE NOW SEE THE MULTITUDE OF PEOPLE CRYING IN THE STREETS (RIOTS, PROTEST ETC.) NO CHANGES HAVE BEEN PUT IN PLACE FOR PROGRESS.

THE ILLEGAL PROCEDURES, POLICIES, PRACTICES AND CUSTOMS, THAT HAS TAKEN PLACE IN THIS COMPLAINT, WENT UNCORRECTED FOR MORE THAN 2 YEARS (AND COUNTING) PRIOR TO EFFECTING THE PLAINTIFF IN APRIL OF 2019. (AND PRIOR)

IT WAS FIRST BROUGHT TO THE CITY'S ATTENTION IN MAY OF 2017, WHEN A INTERNAL AFFAIRS INVESTIGATION, MADE CHIEF INSPECTOR ANTHONY BOYLE BLAME WORTHY (AS WELL AS POLICE INSPECTOR RAYMOND EVERS) FOR THE CALLING OF A MEETING (HELD BY EVERS) IN WHICH INTRODUCED TO THE NARCOTIC BUREAU'S STAFF A FORMAL POLICY UNDER WHICH THEY COULD FLIP SUSPECTS INTO OFF-THE-BOOKS CONFIDENTIAL INFORMANTS — A POLICY THAT WOULD EVOLVE TO INCLUDE FALSIFYING PAPER WORK AND HIDING INFORMATION FROM PROSECUTORS. (AS WE SHALL SEE WAS DONE TO PLAINTIFF)

THIS BEHAVIOR WENT ON FOR MORE THAN 3 YEARS UNTIL FINALLY OUR CURRENT AFRICAN AMERICAN POLICE COMMISSIONOR, IN THE SUMMER OF 2020, MADE THE ADMINISTRATIVE DECISION, TO TERMINATE BOYLE FROM THE POLICE DEPARTMENT. (DANIELLE OUTLAW)

PRIOR TO THE TERMINATION, IT IS EVIDENT THAT THESE PRACTICES, POLICIES AND CUSTOMS WENT ON UNCORRECTED BY THE CITY OF PHILADELPHIA. NOT JUST DUE TO THE PLAINTIFF'S COMPLAINT TODAY BUT ALSO PREVIOUS COMPLAINTS AND FEDERAL CASE LAWS PROVING SUCH. THERE IS EVEN SEVERAL AFRICAN AMERICAN POLICE OFFICERS THAT HAVE FILED FEDERAL LAWSUITS AGAINST BOYLE ALLEGING NOT ONLY RACIAL DISCRIMINATION BUT ALSO RAISING CONCERNS ABOUT WHAT THEY SAY WERE ILLEGAL TACTICS PROMOTED BY BOYLE WHILE HE OVERSAW THE NARCOTICS BUREAU.

THOUGH BOYLE WAS TERMINATED, THE PLAINTIFF HAS NOW BEEN INCARCERATED FIGHTING AGAINST FALSE ALLEGATIONS, ORCHASTRATED UNDER BOYLE'S WATCH. THE EXACT SAME ILLEGAL POLICIES INTRODUCED TO THE NARCOTIC BUREAU IN THE MEETING OF 2017, ARE THE CAUSE OF PLAINTIFF'S EXCESSIVE DETENTION AND EVEN AFTER BRINGING THESE FACTS TO THE PHILADELPHIA JUDICIAL SYSTEM'S ATTENTION, THE DISTRICT ATTORNEY'S OFFICE NOR THE JUDGE RESIDING OVER THE CASE, WILL RELEASE THE PLAINTIFF. THUS ALL OF THE EVIDENCE, INCLUDING POLICE TESTIMONY SHOWS ILLEGAL CONDUCT ON BEHALF OF THE CITY'S EMPLOYEES, AND A ALLOWANCE OF SUCH BEHAVIOR.

THERE IS "OFF-THE-BOOKS" CONFIDENTIAL INFORMANTS ALLEGEDLY USED TO MAKE CONTROL BUYS, IN WHICH THE PROPERTY RECIEPTS PROVE OTHERWISE. THERE IS FABRICATED REPORTS WITH LAB REPORTS TO PROVE FABRICATION. THERE IS EVEN A CLUELESS ASSISTANT DISTRICT ATTORNEY (GREG MAZMANIAN) WHO SEEMS TO HAVE EITHER NOT HAD A CLUE (PRIOR TO MOTION FILINGS) OR COULD CARELESS ABOUT THE TRUTH. EITHERWAY THIS IS EXACTLY THE TYPE OF BEHAVIOR PROMOTED BY CHIEF INSPECTOR ANTHONY BOYLE, AND INSPECTOR RAYMOND EVERS.

THERE HAS BEEN FEDERAL INDICTMENTS AGAINST MANY
OF THE NARCOTIC BUREAU'S MEMBERS IN THE PAST.
AS WELL AS A MULTITUDE OF SUBSTANTIATED COMPLAINTS
AGAINST MANY POLICE OFFICERS INVOLVED IN THE
NARCOTICS SQUADS. SPECIFICALLY THE NARCOTIC FIELD UNIT
(N.F.U.) AND THE NARCOTICS STRIKE FORCE (N.S.F.).

SOMEHOW, SOMEWAY (MOST LIKELY LODGE No. 5) THESE OFFICERS
ARE NOT JUST STILL ON THE FORCE BUT THEY ALSO ARE
STILL ALLOWED TO PARTAKE IN NARCOTICS INVESTIGATIONS.
EX. TYRA DEVEAUX #3212 AND TIMOTHY BOGAN #3358.


CURRENT EVENT

ON APRIL 22, 2019 AT APPROX. 4:30 PM THE PHILA. POLICE DEPT.'S
NARCOTIC FIELD UNIT, LED BY TIMOTHY BOGAN #3358,
SUPERVISED BY SGT. PATRICK LOVE #8554, KICKED DOWN THE
FRONT DOOR OF THE PLAINTIFF'S HOME AT 2139 ANCHOR ST. IN
THE FRANKFORD SECTION OF THE CITY OF PHILADELPHIA.

DURING THIS ILLEGAL INTRUSION, THE N.F.U. OFFICERS DID
NOT POSSESS AN ARREST WARRANT NOR A SEARCH WARRANT FOR
THE PLAINTIFF, HIS HOME NOR SPECIFIC ITEMS OF PROPERTY.
THERE WAS NO SPECIFIC DESCRIPTION OF A SUSPECT, BUT ONLY
A VAGUE DESCRIPTION OF A "B/M TARGET WEARING ALL BLACK" IN
WHICH WAS ALLEGEDLY ACQUIRED 4 DAYS PRIOR (ON APRIL 18TH)
ALLEGEDLY WHEN THIS UNKNOWN BLACKMALE WAS FOLLOWED
TO THE PLAINTIFF'S HOME, ALLEGEDLY AFTER A CONTROLLED
CRACK COCAINE BUY, USING AN ALLEGED CONFIDENTIAL INFORMANT
#1417 SOME 3 BLOCKS AWAY FROM THE PLAINTIFF'S HOME.

IMMEDIATELY UPON THE ILLEGAL ENTRY (IN WHICH POLICE FAILED
TO FOLLOW THE "KNOCK-AND-ANNOUNCE RULE") THE PLAINTIFF BEING
THE ONLY ADULT BLACKMALE PRESENT IN THE HOME (NOT FITTING
THE DESCRIPTION OF A "B/M TARGET WEARING ALL BLACK), WAS ARRESTED
AND SEARCHED BY P/O JEFFERY ⬛⬛⬛ #7481. (ILLEGALLY)
                        GALAZKA

PLEASE SEE BACK
OF THIS PAGE

NOTE:

THE NARCOTIC FIELD UNIT HAS A GREAT DISREGARD FOR THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURES (TIMOTH BOGAN #3358 MAINLY) AS WELL AS THE PHILADELPHIA COURT SYSTEM (JUDGE ROBERT P. COLEMAN AND JUDGE CHARLES EHRLICH).

P/O TIMOTHY BOGAN # STATED DURING PRE-TRIAL HEARING (SUPPRESSION) HELD ON AUG. 26, 2020, HE BOGAN SAYS, "I NEVER LEFT A COPY OF THE AFFIDAVIT AT A HOUSE." (PG. 68)

THIS STATEMENT CLEARLY SHOW A VIOLATION OF PA. R. CRIM. P 208 AND THE HON. CHARLES EHRLICH (JUDGE) IGNORANTLY CONFIRMED THIS VIOLATION AND HIS APPROVAL OF THE VIOLATION BY HIS STATEMENT, "IM NOT SURE WHAT HE'S TALKING ABOUT BECAUSE YOU DON'T LEAVE THE AFFIDAVIT." (AUG 26, 20 PG. 70)

FURTHERMORE, NO TESTIMONY WAS ALLOWED IN ORDER TO CONFIRM WHAT MAGISTRATE (A.C.M. UNKNOWN AND SIGNATURE IS FORGED) SIGNED THE SEARCH WARRANT OR AFFIDAVIT, AND THERES NO CLERK OF THE COURT THAT HAS A COPY OF SUCH, IN WHICH IS VIOLATION OF PA. R. CRIM. P 210.

THERE IS ABSOLUTELY NO AUTHENTIC DOCUMENTATION AVAILABLE FOR THE PLAINTIFF, IN ORDER TO CONFIRM, A SEARCH WARRANT WAS ACTUALLY OBTAINED PRIOR TO THE ILLEGAL INTRUSION OF PLAINTIFF PROPERTY.

THE PA. R. CRIM. P. 200-212 HAVE BEEN DISRESPECTFULLY DISREGARDED FOR THE PURPOSE OF INTENTIONALLY VIOLATING THE RIGHTS OF THE PLAINTIFF AND MANY OTHERS. THE PREJUDICE BEEN THESE ACTIONS ARE PLENTIFUL.

ATTACH TO PAGE 5 WITH ATTACH (3)

THE PLAINTIFF WAS ILLEGALY HELD ON FALSE CHARGES, ORCHASTRATED BY P/O TIMOTHY BOGAN #3358 AND TYRA DEVEAUX #3212, FALSE NARRATIVE OF EVENTS ALLEGEDLY TAKING PLACE PRIOR TO THE ILLEGALLY INTRUSION/ILLEGAL ARREST. EVEN WITHIN THE FALSE NARRATIVE AND FORGED FAKE SEARCH WARRANT, THE PLAINTIFF WAS NOT SUSPECTED AS A SUSPECT NOR MENTIONED AS SOMEONE INVOLVED IN ANY CRIMINAL ACTIVITY AT ALL.

DUE TO THE CITY OF PHILA. INTENTIONAL DELAY AND VIOLATION OF PA.R.CRIM.P 540, NOT ONLY WAS THE PLAINTIFF HELD OVER 8 HOURS BEFORE BEING ARRAIGNED ON ILLEGAL CHARGES BUT WAS ALSO NOT GIVING A PRELIMINARY HEARING UNTIL JUNE 24, 2019 APPROX. 60 DAYS AFTER PRELIMINARY ARRAIGN.

DURING THIS DELAYED PRELIMINARY HEARING (IN WHICH P/O BOGAN #3358 MAY OR MAY NOT HAVE CREDIBILITY ISSUES), THE PLAINTIFF WAS SUBJECTED TO AN ILLEGAL/UNCONSTITUTIONAL IDENIFICATION PROCEDURE DUE TO THE N.F.U FAILURE TO IDENIFY PRIOR TO. CLEARLY, DUE TO THE FACT, THE PLAINTIFF WAS NOT ACCUSED OF ANY WRONG DOINGS UNTIL AFTER THE ILLEGAL INTRUSION/ILLEGAL ARREST.

AT THIS PRELIMINARY HEARING, PLAINTIFF WAS REPRESENTED BY COURT-APPOINTED-ATTORNEY JOSEPH L. COLEMAN ESQ.. AFTER 6-24-19 THE NEXT TIME PLAINTIFF HEARD FROM J.L.COLEMAN ESQ. IS 9-5-19 ON THE PRISON'S PHONE, DURING A CONFERENCE CALL WITH THE PLAINTIFF'S UNCLE McKELVIE COOPER (NOW DECEASED).

THE PLAINTIFF (DURING THIS CALL) ASKED, "WHY IS THE CASE BEING CONTINUED FOR "DEFENSE REQUEST A CONTINUANCE FOR FURTHER INVESTIGATION"?

J.L. COLEMAN ESQ. RESPONSE WAS, "I DONT KNOW WHY IT SAYS THAT I HAVEN'T GOTTEN YOUR DISCOVERY YET."

THE PLAINTIFF ALSO ASKED, "HOW COME THE DOCKET SHEET SAYS, "DISCOVERY PASSED AT THE BAR OF THE COURT ON JULY 31, 2019"?

THE PLAINTIFF CAN NOT REMEMBER THE EXACT RESPONSE TO THAT QUESTION BUT CLEARLY THAT DOCKET WAS WRONG, DUE TO LAB REPORTS DATED 2020 AND DISCOVERY PRINT DATE 2020.

ATTACH (4) TO PAGE 5

THE PLAINTIFF ALSO INFORMED J.L. COLEMAN ESQ., THAT HE HAS FILED A MOTION TO WAIVE COUNSEL AND PROCEED PRO-SE, IN WHICH J.L. COLEMAN ESQ., RESPONDED, "WELL I WOULD NOT RECOMMEND THAT, BUT IF YOU LIKE, I WILL INFORMED THE JUDGE."

IT CAN ONLY BE ASSUMED EITHER, J.L. COLEMAN ESQ. NEVER INFORMED THE JUDGE OR THE JUDGE (ROBERT P. COLEMAN MAYBE RELATED) INTENTIONALLY IGNORED THE MOTION FOR APPROX. 3 MONTHS + FOR WHATEVER REASON.

JUDGE COLEMAN, CONTINUOUSLY CONTINED THE CASE FOR "DEFENSE REQUEST CONTINUANCE FOR FURTHER INVESTIGATION" FROM JULY 31, UNTIL DECEMBER 4, 2019 (EVEN AFTER PLAINTIFF REQUEST TO PROCEED PRO-SE) AND THE DECISION WAS MADE TO PAST THE CASE TO A MAJOR TRIAL JUDGE NAME CHARLES EHRLICH. THIS JUDGE RULING, ACTIONS AND DECISION WOULD PROVE TO BE MORE TREACHEROUS THAN THE LAST. (J.L. COLEMAN ESQ. DID NOTHING TO STOP THE DELAYS)

THE CITY OF PHILADELPHIA REPETIVELY PRACTICE THE CUSTOM OF NOT ALLOWING DEFENDANTS TO COME DOWN TO THE COURTHOUSE WHEN BEING HELD IN PRISON, FOR FORMAL ARRAIGNMENTS (VIOLATING PA.R.CRIM.P 571) NOR MOST PRE-TRIAL CONFERENCE/PRE-TRIAL HEARINGS UNLESS THE DEFENDANT PLANS ON TAKING A "DEAL" (NEGOTIATED PLEA)

DUE TO THIS ILLEGAL PRACTICE OF FAILING TO PROPERLY NOTIFY/ ARRAIGN DEFENDANTS ON CHARGES (AFTER PRELIMINARY HEARING) NOT ONLY DOES THE DEFENDANT GET DENIED THE RIGHT TO PLEA BUT ALSO PROPERLY ADDRESS THE COURT WITH ANY PRE-TRIAL ISSUES, SUCH AS THE RIGHT TO WAIVE COUNSEL, MOTION TO QUASH SUPPRESSION ISSUES, DISCOVERY ISSUES ETC.. THUS BEING THE REASONS FOR SUCH EXCESSIVE COURT PROCEDURES BEING DELAYED, AND THE COMMONWEALTH BEING ALLOWED TO MAKE FALSE CLAIMS. (LIKE IN THIS CURRENT CASE "DISCOVERY PASSED AT THE BAR OF THE COURTS).

WHETHER PAID ATTORNEYS, COURT APPOINTED OR PUBLIC DEFENDERS MOST DEFENDANTS ARE COMPLETELY LEFT IN THE DARK AS TO WHAT IS GOING ON IN THESE COURTROOMS OUTSIDE OF THEIR PRESENTS. THIS NOT ONLY THE LAWYERS FAULT BUT THEN, A AS WELL AS THE JUDGES ALLOWANCE OF THIS PRACTICE.

In between September 2019 and January 2020, the Plaintiff made many attempts to address the courts (through motions) all of which was ignored. Blameworthy of J.L. Coleman Esq. Judge Robert P. Coleman and if given the opportunity to view any transcripts from Pre-Trial Conferences held outside the Plaintiff's presence, the District Attorney's office as well. (Dates between 7-31-█19 through Dec 18, 2019)

Finally after 8 months the Plaintiff's case begins to progress. On January 3, 2020, the Plaintiff was allowed to proceed Pro-Se and the Honorable Ehrlich order the Plaintiff to recieve the discovery before (or by) Jan. 21, 2020 and the unbelievable begins. (Malicious prosecution, supressing exculpatory evidence) etc..

Once Plaintiff recieved discovery many things came to light; the discovery was just prepared in between Jan 3 (when Plaintiff was allowed to proceed pro-se) and Jan. 21, 2020, in which is when the discovery was ordered to be given to Plaintiff by.

This not only shows illegal detainment but also malicious prosecution for over 8 months. The Commonwealth had absolutely nothing prior to Jan 6 and Jan 13, 2020, which is when the lab reports were done, in order to show two drug sales allegedly orchastrated on April 16, and April 18,th of 2019. (Later proven to be fraud)

These two reports are attach to property receipt #'s 3393659 and 3393664. Nettler of these property receipts has the Plaintiff's name on them as the person property was taken from nor do they claim to be performed drug transaction using confidential informant # 1417.

Property Receipt 3393659 has a crossed out District Control # (19-15-33886) and change to 35886. Later when asked about this P/O Bogan # 3358, states, "I guess when officer Deveaux was typing this she typed in the wrong numbers." (Later realized this was due to Bogan's failure to follow 75-48 procedures and 1st DC# was another case #)

This Property Receipt also bears the wrong District # (16th) clearly when this District is the 15th. (Further proves pr's were used from another case)

Please see the back of this page.

<u>NOTE:</u>

PLAINTIFF HAS REPORTED THESE ACTIONS OF J.L. COLEMAN ESQ., AS WELL AS THE JUDGE ROBERT. P. COLEMAN, TO THE DISCIPLINARY BOARDS.

THE DISTRICT I OFFICE ON 1601 MARKET STREET FOR COLEMAN ESQ. ODC FILE NO. C1-19-1025. DIMISSED JULY 8, 2020 BUT ACKNOWLEDGE THE INEFFECTIVE OF COUNSEL

THE PENN. JUDICIAL CENTER IN HARRISBURG, PA. FOR JUDGE COLEMAN NO. 2019-749. THIS TO WAS DISMISSED BUT UNFAIRLY IN PLAINTIFF'S OPINION.

ATTACH TO (6) OF FRONT OF THIS PAGE

This PR.# 3393659 is to reflect the beginning of the alleged investigation. This alleged transaction with a "C.I.", in the 15th District, allegedly calling plaintiff's cell phone and allegedly with plaintiff using his vehicle to perform this trans., but this PR. doesn't reflect none of this. (Proves no I.D. on a suspect)

The second PR.# 3393664 is to reflect an alleged April 18th 2019 drug trans. But even worst than the 1st (3393659) this receipt doesn't even bare the District Control #, the plaintiff's name, the C.I. #, or anything at all to connect it to the plaintiff's case. (Only trans. to allegedly prove probable cause)

PR.# 3393664 is to represent the decision that, probable cause existed to search the plaintiff's home, also that the "BM Target" was followed back to the plaintiff's home, and that this "BM Target wearing all black, was allegedly the plaintiff himself, but this receipt actually proves the total opposite. (Illegal arrest / Illegal detention)

The receipts show no identification, no lab reports, the unreliableness of the police investigation and more, because of the 3rd PR.(# 3393678) in which is to allegedly confirm a 3RD transaction with the same C.I. as well as the alleged contraband found in the plaintiff's home.

Problem with this 3RD property receipt (# 3393678) is that it proves these police officers, did not find any drugs in the plaintiff's possession or in the plaintiff's home. Why? Easy!

The property receipt (# 3393678) is connected to a evidence control data form (from the forensic lab) #19-06643, that has another suspect's name (Rashon Carter), property receipt (# 3393768), District Control # (19-19-029316),

ATTACH (7) TO 5

FROM AN ALLEGED DRUG SALE ON APRIL 19, 2019, USING AN ALLEGED "C.I." (#1080) IN THE WEST PHILA. SECTION, EXACTLY WHERE THE 16TH DISTRICT IS, WHICH IS WHERE THE PLAINTIFF'S PR. (#3393659) STATES, IT HOLDS EVIDENCE FROM THE WEST PHILA. SECTION AS WELL.

EVEN MORE DAMING IS A "CORRECTION TO PROPERTY RECEIPT MEMO" FOR PR. 3393678, IN CONNECTION TO LAB# 19-6643, STATING P/O BOGAN #3358 AS ARRESTING/RECIEVING OFFICER, AND P/O DEVEAUX #3212 (ASSIGNED TO 25TH DIST./N.C.R.T) AS THE OFFICER PREPARING THESE PROPERTY RECEIPTS.

THE MEMO IS TO ADD PROPERTY FROM ONE SUSPECTS CASE (RASHON CARTER) TO ANOTHER SUSPECTS CASE. THE PROPERTY IS A PKT. CONTAINING A BLUE GLAZED PKT. OF ALLEGED HEROIN. (OTHER ITEMS ARE MENTIONED TO CAUSE CONFUSSION)

NOW TO BACK UP A BIT, GOING TO THE PRELIMINARY HEARING, A.D.A. LAUREN CRUMP USED PR. 3393678 TO PROVE THE COMMONWEALTH'S CASE. THERE WAS NO OTHER PROPERTY RECEIPTS ENTERED INTO EVIDENCE. PROVING THE WHOLE INVESTIGATION (ABOUT DRUG SALES) WAS FABRICATED. FURTHERMORE, THERES A NARRATIVE OF FIREARMS BEING FOUND AS WELL, NO PROPERTY RECEIPTS OF ANY FIREARMS WERE ENTERED INTO EVIDENCE (DURING PRELIM. HEARING) EITHER.

MIRACOUSLY, UPON DISTRIBUTION OF DISCOVERY, THERES NOW FIREARMS PR.# 3405910 AND PR.# 3405911 BOTH CLAIMING TO BE FROM THE DATE OF ARREST (4-22-19). THERES ALSO FORENSIC LAB FORM REPORT CLAIMING TO BE FROM MAY 21, 2019 AND PREPARED BY P/O KELLY WALKER # 5576. WELL MY QUESTION WOULD BE THEN, HOW COME ON 6-24-19 (DATE OF PRELIM.) WERE THESE REPORTS AND RECEIPTS NOT ENTERED INTO EVIDENCE BY A.D.A LAUREN CRUMP? ANSWER: BECAUSE THEY WERE PREPARED AND BACK DATED LIKE THE REST OF THE DISCOVERY.

BACK TO PROPERTY RECEIPTS. THE PROPERTY RECEIPTS WERE ALL PREPARED BY A LYNE POLICE OFFICER (TYRA DEVEAUX #3212) WHO BACK IN SEPTEMBER OF 2018 (ACCORDING TO I.A.D. REPORT #01-1134) WAS FOUND GUILTY OF LYING TO I.A. INVESTIGATORS ABOUT HER BROTHER BEING A DRUG DEALER. DUE TO THIS SUBSTANTIATED FINDING, I.A.D. SUGGESTED SHE NO LONGER BE APART OF THE NARCOTIC BUREAU.

WHEN THE "CORRECTION TO PROPERTY RECEIPT MEMO" IS ANALYSED WE WILL SEE P/O DEVEAUX #3212 WAS NO LONGER N.F.U (EVEN THOUGH SHE LIED ON PLAINTIFF'S 229 (BIO-REPORT) AND SAID SHE WAS) BUT ACTUALLY V.C.R.T. (VICTIM OR VIOLENT CRIME REDUCTION TEAM)

FURTHERMORE, P/O BOGAN #3358 ADMITS, SHE PREPARED PROPERTY RECEIPTS, MEMO, AND EVEN WROTE CATEGOREORIES OF ALLEGED ITEMS FOUND IN PLAINTIFF'S HOME ON THE FACE OF THE SEARCH WARRANT. THIS HANDWRITING CAN EASILY BE COMPARED TO THE 229 REPORT AS WELL AS THE SIGNATURE OF THE MAGISTRATE (THAT DOES NOT EXIST). (SHOWING ACTUAL MALICE AND IMPLIED MALICE)

FURTHERMORE, THE PLAINTIFF BELIEVES SHE ALSO FORGED P/O BOGAN'S NAME AS WELL. NOT ONLY DUE TO THE COMPARISON TO THE SIGNATURE ON THE PROPERTY RECEIPTS (BOGAN'S) BUT ALSO DUE TO THE FACT BOGAN'S BADGE NO. IS 3358 AND ON THE FACE OF THE WARRANT IS 3268. BOGAN CLEARLY DID NOT SIGN HIS NAME USING THE WRONG BADGE #.

THROUGHOUT THE ENTIRETY OF P/O BOGAN AND P/O DEVEAUX'S ALLEGED INVESTIGATION, THE PLAINTIFF WAS NEVER ARTICULATED AS BEING THE SUSPECT BEING INVESTIGATED. THROUGHOUT THE ENTIRETY OF THE ARREST/INVESTIGATION REPORTS, THIS ALLEGED SUSPECT HAS ALWAYS BEEN DESCRIPTS AS AN "BLACK-MALE WEARING ALL BLACK OR BLACKMALE TARGET."

ATTACH (9) TO PAGE 5

The PART OF THE REPORT/INVESTIGATION LEFT UNCLEAR, IS THE FACT P/O BOGAN STATES HE RECIEVED INFORMATION FROM TWO OTHER P/O's BY THE NAME OF MANGOLD #4477 (REAL # 767) AND WINSCOM #7625 (UNKNOWN) ABOUT A B/M BY THE NAME OF "RON" SELLING CRACK COCAINE IN THE AREA OF TORRESDALE AND ANCHOR ST.

NOT ONLY IS THERE ABSOLUTELY NO TESTIMONY ABOUT "RON" (PERPOSELY OMITTED) BUT ONE CAN ONLY BELIEVE THAT "RON" AND "RASHON" ARE ONE AND THE SAME PERSON, NOT ONLY BECAUSE OF THE PLAINTIFF ████ NEVER IDENTIFIED AS A PERSON INVOLVED IN ANY OF THE ALLEGED DRUG ACTIVITY BUT ALSO BECAUSE OF THE FACT, THE EVIDENCE BEING USED AGAINST THE PLAINTIFF, WAS ORIGINALLY USED IN RASHON CARTER CASE (LAB # 19-06643).

FURTHERMORE, THERES A FAKE WARRANT (FORGED BY THE WRITING OF TYRA DEVEAUX #3212) THAT STATES THE TARGET AS BEING A BM WEARING ALL BLACK MED TO DARK COMPL. MED TO DARK BUILD, IN WHICH CLEARLY SHOWS THESE OFFICERS NEVER KNEW WHO THEY WERE SEEKING. AS P/O BOGAN STATED, "I DIDN'T KNOW YOUR NAME". CLEARY PROVEN THE SUSPECT WAS NEVER IDENTIFIED. (TRANS. AUG 26, 2020 SUPPRESSION HEARING)

THIS OMITTED IDENTIFICATION OF A SUSPECT AND VAGUE DESCRIPTION OF A BLACKMALE ON THE FACE OF THE FAKE SEARCH WARRANT (WITHOUT A LATER "I.D. AS "INSERTED) P/O GALAZKA #7481 HAD NO CLUE WHO WAS TO BE SEARCHED AND ONLY GRABBED THE PLAINTIFF BECAUSE HE WAS THE ONLY ADULT BLACKMALE SEEN ABOUT THE ILLEGAL INTRUSION. PROVEN GALAZKA CONDUCTED AN ILLEGAL ARREST AND SEARCH OF PLAINTIFF AND JUST AS GUILTY IN THE CONSPIRACY TO DO SO AS BOGAN AND DEVEAX ARE AND JUST AS GUILTY TO COVER IT UP AS WELL.

P/o Galazka, when asked, if he did a follow up report, (such as a 75-52 or a 75-48(a) which should be done according to Phila. Police Directives 12.11 app. B) He responded "No!". So there for upon reflection of the evidence and or uncontradicted testimony, there is absolutely no way to determine if the Plaintiff was involved in a crime, prior to the illegal intrusion, making the arrest/seizure unconstitutional as well as the detention as a whole.

Even if one were to chose and believe (witch is all impossible) there was probable cause to enter into the Plaintiff's property, there is nothing in evidence or through contemplation of the investigation report/arrest report to consider the legitimacy of the Plaintiff's Seizure, Search and detention, and delaying Plaintiff's release is delibrate.

To be more ignorant and manipolative is the false report of P/o Galazka #7481 claim to have heard someone in the Plaintiff's home (from outside when Galazka claims he knocked-and-announce) running away from the door (on the inside) so informed Sgt. Love #8554 who allegedly order P/o Richard Woertz #7328 to 'breach the front door of Plaintiff's home. (The wording is only being used in an attempt to justify illegal entry)

This was done by P/o Woertz #7328 kicking in the door, breaking the lock and splintering the door frame. This left the Plaintiff's ~~wife~~ spouse and (5) five children without security for approx. 2 days before the Plaintiff's spouse could afford to have the door, lock and frame replaced. (Plaintiff was captured, kidnapped and held for ransom)

ATTACH (11) TO PAGE 5

WHEN P/O GALAZKA #7481 WAS QUESTIONED ABOUT THE EVENTS TAKING PLACE, RIGHT BEFORE THE ILLEGAL INTRUSION, HE STATED, "A COMMOTION, LOUD THUMPING ON THE FLOOR THAT BECAME FAINT." (TRANS, SEPT 14, 2020) (SOUNDS LIKE A SCAREY MOVIE.)

THIS PROVES THE KNOCK AND ANNOUNCE WAS VIOLATED, PROVES THE PLAINTIFF'S FAMILY WAS VIOLATED AND PUT IN DANGER, DUE TO THESE OFFICERS, DISOBEDIENCE, AND NEGLIGENCE TO FOLLOW PA. R. CRIM.P AND OR POLICE DIRECTIVES, THEY HAD NO PLANS ON HONORING ANYONE INSIDE RIGHTS.

P/O GALAZKA EVEN LIES ABOUT THE DATE OF APRIL 18TH SAYING, "... I WASN'T INVOLVED OR I DIDN'T SEE ANYTHING ON THE 18TH OR MAKE ANY OBSERVATIONS." WHEN CLEARLY EVERY REPORT STATES, "AT THIS TIME THE FOLLOWING OFFICERS WERE IN THE AREA P/O GALAZKA ..."

P/O GALAZKA ALSO ASKED THE PLAINTIFF, "WHERE DOES IT SAY THAT YOU WERE THE TARGET OF THE INVESTIGATION?" WHERE PLAINTIFF RESPONDS, "I KNOW ITS NOT IN THE REPORT, I'M JUST ASKING YOU, DID YOU DO A FOLLOW-UP REPORT LIKE A 75-52 OR ANYTHING LIKE THAT?" GALAZKA RESPONSE, "I DID NOT, NO."

THIS TESTIMONY PROVES THE PLAINTIFF WAS SUBJECTED TO UNCONSTITUTIONAL IDENTIFICATION PROCEDURES, THUS BEING IN THE COURTROOM. FIRST BY BOGAN, ON JUNE 24, 2019 (PRELIM.) AGAIN BY BOGAN, ON AUG 26, 2020 (1ST DAY OF PRETRIAL HEARING) AND THEN AGAIN (FOR 1ST TIME) BY GALAZKA ON SEPT 14, 2020.

EVEN ON THAT DAY GALAZKA WAS UNSURE. CLEARLY BY THE SHAKEY TESTIMONY, "IT APPEARS TO BE THE DEFENDANT IN THE WHITE SHIRT".

DURING PRE-TRIAL HEARINGS P/o TIMOTHY BOGAN #3358 ADMITS HE DOES NOT USE 75-48(A)'s (VEHICLE/PEDESTRIAN INVESTIGATION REPORTS), DOES NOT USE 75-48 (INCIDENT REPORT), WROTE A.D.A. KATE LEWIS'S NAME ON THE ORIGINAL WARRANT (FOR APPROVAL PA.R. CRIM. P 202), HIS SUPERVISOR APPROVED OF THIS WARRANT, (SGT. PATRICK LOVE #8554) AND HAVE BEEN DOING THINGS IN THIS MANNER FOR OVER 22 YEARS. CLEARLY NOT ONLY FAILING TO FOLLOW THE PHILA. POLICE DIRECTIVES BUT OBVIOUSLY THOUGHTLESSLY VIOLATING THE RIGHTS OF THOSE HE HAS ARRESTED. (SEE TRANSCRIPTS FROM AUG. 26, 2020 AND SEPT. 14, 2020)

THIS HAS BEEN THE LONG-TIME PRACTICE (22 YEAR +) OF P/o BOGAN AND OBVIOUSLY ALLOWED BY THE CITY OF PHILA. AS WELL AS THOSE IN CHARGE OF SUPERVISING THE N.F.U. THE IMPROPER INVESTIGATION PROCEDURES, THE ILLEGAL SEARCH WARRANT PROCEDURES, THE MISUSE OF EVIDENCE, HAS MISIDENTIFICATIONS, ILLEGAL SEARCHES, ILLEGAL SEIZURES AND MALICIOUS PROSECUTIONS, ALL OVER IT. HOW MANY TIMES HAS THE CITY OF PHILA. BEEN INFORMED OF THIS?

BY THE PLAINTIFF'S CASE ALLONE IT SHOWS ABUSE OF POWER/AUTHORITY, FAILURE TO SUPERVISE AND WHEN BROUGHT TO THE CITY'S ATTENTION, FAILURE TO PUNISH, TRAIN OR EVEN CORRECT THE WRONG DOINGS, THE PROSECUTION ASSIST IN THESE OFFICERS BEHAVIOR AND JUDGES TURN A BLIND EYE. (DAILY NEWS ARTICLE 12-12-19 PG. 12)

ANOTHER EXAMPLE OF THIS IS THE DISTRICT ATTORNEY'S REPRESENTATIVES, SUCH AS JASON MOREAN, WHO THINKS ITS OKAY TO TAKE ON THE ROLE OF INVESTIGATING POLICE OFFICERS OR VICTIMS, BY SIGNING CRIMINAL

COMPLAINTS, AS IF, THEY (OR HE) HAS PERSONAL KNOWLEDGE, AS A PARTICIPANT, IN THE INVESTIGATIONS OF THE PHILA. POLICE. BY DOING SO JASON MORGAN HAS MADE HIMSELF LIABLE TO THE SWORN FALSIFICATION BEING EXHIBITED.

IN FACT, THE CRIMINAL COMPLAINT IN WHICH JASON MORGAN HAS SWORN TO, SHOWS THAT EVIDENCE WAS TAKEN FROM A COMPLETELY DIFFERENT ADDRESS, 6 DAYS BEFORE POLICE HAVE REPORTED AND TESTIFIED TO. THIS EASILY BEING PROVEN BY NOT ONLY THE ARREST REPORT/INVESTIGATION REPORTS, MENTION OF THIS OTHER ADDRESS APPROX. 3 TIMES, AS THE PLACED BEING OBSERVED WITH A SUSPECT, WHOS UNKNOWN.

JASON MORGAN HAD NO PERSONAL KNOWLEDGE AND OR EVEN A REASON TO TAKE LIABILITY FOR THESE UNSWORN FALSIFICATION THAT NOT EVEN THE POLICE OFFICERS SWORE TO THEMSELVES. NOT THE INVESTIGATION OFFICER (BOGAN) NOR HIS PARTNER (DEVEAUX) OR THE ARRESTING OFFICER (GALAZKA). NEITHER WANTED TO BE HELD TO PERJURY BUT THE D.A. REP. JASON MORGAN CHOSE TO ABUSE THE PROCESS PROCEDURE AND TAKE THE POSITION OF THE POLICE/VICTIM. (ALSO CAUSING ILLEGAL DETAIN.)

THE HONORABLE CHARLES EHRLICH HAS ABUSED HIS DISCRETION BY AUTHENTICATING A SEARCH WARRANT, IN WHICH THE ALLEGED MAGISTRATE WHO SIGN IT, CAN NOT NOT BE IDENTIFIED. THE HON. EHRLICH HAS SHOWN BIASNESS AND PREJUDICE, NOT JUDGE BECAUSE OF THIS BUT ALSO BECAUSE OF REVOKING THE PLAINTIFF'S BAIL (WHEN HIS SPEEDY TRIAL RIGHTS WERE BEING VIOLATED) THAT HE COULD NOT OFFORD TO PAY AND WAS REQUEST NOMINAL BAIL (FOR VIOLATION OF RULE 600 (B)), HES ILLEGAL RULINGS (PLAINTIFF WAS TOLD HE COULD NOT SUPPRESS AN ARREST), TAKING THE POSITION OF THE DISTRICT ATTORNEY (ARGUING AGAINST THE PLAINTIFF DURING MOTION HEARING) AND REQUESTING THE OFFICER CHANGE HIS

ANSWERS TO THE PLAINTIFF'S QUESTIONS, AS WELL AS INDIRECTLY OBJECTING TO QUESTIONS ASKED BY THE PLAINTIFF. (SEE TRANSCRIPTS AUG. 26, 2020 AND SEPTEMBER 14, 2020)

THE PREJUDICE, THE PLAINTIFF HAS BEEN SUBJECTED TO ITS ENDLESS, EXCESSIVENESS OF PRE-TRIAL DETENTION, THE REVOKE OF PLAINTIFF'S BAIL, DUE TO 8-18 YEAR OLD CONVICTION OR FAILURE TO APPEARS, THE FRAUDULENT DOCUMENTS BEING USED BY THE COMMONWEALTY, FALSE TESTIMONY OF OFFICERS, ILLEGAL IDENTIFICATION PROCEDURES AND THE INTENTIONAL DELAYS IN THE COURT PROCEEDINGS, HAS BEEN EXTREMELY UNFAIR THAT THERES NO WAY THIS CASE SHOULD STILL BE "UNDER ADVISEMENT". FURTHERMORE, THERES NO WAY PLAINTIFF COULD HAVE A FAIR TRIAL.

THE CASE SHOULD HAVE BEEN DISMISSED AT THE CLOSURE OF THE LAST HEARING ON SEPT 14, 2020 BUT INSTEAD THE COMMONWEALTY HAS CHOSEN TO NOT ALLOW THE HON. EHRLICH TO RULE ON THE MOTION TO SUPPRESS, BY INTICING A FRIVOLOUS FEDERAL INDICTMENT AFTER 19 MONTHS OF PRE-TRIAL INCARCERATION AND THE SHOWING OF FALSEHOOD AND A FRAUD UPON THE COURT.

THE HON. EHRLICH NOW HAS CHOSEN TO ILLEGALLY DELAY A RULING ON THE MOTION, USING THE UNDULY EXCUSE OF THE FEDERAL INDICTMENT AND COVID-19. THIS IS ONLY BEING DONE DUE TO THE SUCCESSFUL SELF REPRESENTATION THE PLAINTIFF HAS DEMOSTRATED AND THE JUDGES ATTEMPTS TO DRAG THIS CASE OUT AS LONG AS POSSIBLE.

THE FACT OF A FORCED WARRANT, UNIDENTIFIED MAGISTRATE, DISCREDITED POLICE OFFICERS, PLANTED EVIDENCE, FALSE REPORTS, FRAUDULENT DOCUMENTS ETC., ARE CLEAR REASON TO DISMISS THE CHARGES AND RELEASE THE PLAINTIFF FROM CUSTODY.

PLEASE SEE THE BACK OF THIS PAGE

NOTE:

PLAINTIFF REPEATEDLY ADDRESSED THE COURT THROUGH MOTIONS, IN AN ATTEMPT TO INFORM THE DISTRICT ATTORNEY'S OFFICE AND JUDGES, ABOUT THE FRAUDULENT DOCUMENTS BEING USED IN HIS DISCOVERY, THAT WAS INTENDED TO BE USED TO CONVICT HIM OF FRAUDULENT CHARGES.

PLAINTIFF ALSO WROTE THE DISTRICT ATTORNEY'S OFFICE SEVERAL LETTERS TRYING TO INFORM THEM ABOUT THE FALSEHOOD BEING PROPAGATED THROUGH THE POLICE REPORT.

MAY 9, 2019 THE PLAINTIFF WROTE TO THE DISTRICT ATTORNEY OFFICE, INFORMING THEM ABOUT HIS ALIBIS AND WHEREABOUTS IN WHICH THE ARREST REPORT CLAIMS THESE ALLEGED DRUGS TRANSACTIONS WERE SUPPOSE TO OCCURRE. NEEDLESS TO SAY, THIS LETTER WAS IGNORED.

PLAINTIFF SENT 2 MORE LETTERS TO LARRY KRASNER'S (D.A.) OFFICE. SPECIFICALLY HIS ALLEGED SUPERVISOR OF THE INTEGRITY UNIT, PATRICIA CUMMINGS, AND A CERTIFIED LETTER STRAIGHT TO LARRY KRASNER HIMSELF, IN WHICH KRASNER WAS TO PERSONALLY SIGN FOR AND I WAS TO RECIEVE THE RETURN RECIEPT CONFIRMING. THIS NEVER HAPPENS. CLEARLY INTERCEPTED AS THE FIRST 3 LETTERS WERE. I BELIEVE THAT WOULD BE SOME TYPE OF MAIL FRAUD.

SECOND LETTER TO PATRICIA CUMMINGS WAS SENT 9-27-19 AND RESPONDED TO BY LAURYN COLEMAN (POSSIBLY RELATED TO ROBERT COLEMAN AND JOSEPH COLEMAN) AND COMPLETELY IGNORES THE POINT OF THE LETTER. THAT HAS PRETTY MUCH BEEN THE DISTRICT ATTORNEY'S OFFICE APPROACH SINCE PLAINTIFF'S ILLEGAL ARREST. THIS CAN ALSO BE SEEN THROUGHOUT PLAINTIFF'S HEARINGS.

CONT. ATTACH (15) ON FRONT OF THIS PAGE

ASSISTANT DISTRICT ATTORNEY AS WELL AS THE HONORABLE CHARLES EHRLICH HAVE BOTH BEEN FULLY AWARE (ALONG WITH ANYONE VIEWING THE PLAINTIFF'S DOCKETSHEET) OF THE PLAINTIFF ARGUMENTS, DISPUTES, AND DEFENSES, IF NOT SINCE 2019 BUT SURELY 2020, FEBUARY 21-26, WHEN THE PRO-SE DEFENDANT (PLAINTIFF) FILED AND ARGUED HIS MOTION TO COMPEL(S) INFORMATION.

WITHIN THIS MOTION TO COMPEL, THE PLAINTIFF ARGUES (FOR JUST CAUSE) THE IMPORTANCE OF WHY THE INFO IS BEING SOUGHT; SUCH AS, THE SHOWING THAT A CONFIDENTIAL INFORMANT ACTUAL EXIST, THAT THE INFORMANT IS ACTUALLY A REGISTERED/LEGALLY USED INFORMANT, AUTHENTICATION OF DOCUMENTS PRODUCED IN DISCOVERY (INCLUDING LAB REPORTS AND SEARCH WARRANTS) AND ALSO ANY AND ALL INVESTIGATION BY INTERNAL AFFAIRS (SUSTAINED OR NOT) OR ANY OTHER DEPT., INVOLVING ALL THE POLICE OFFICERS INVOLVED IN THE ILLEGAL SEARCH AND SEIZURE OF PLAINTIFF'S PROPERTY AND PERSON.

SOME ITEMS WERE RECIEVED, SUCH AS; A CHAIN OF CUSTODY FORM (FRAUDULENTLY PREPARED BY SHOW OF EXCESSIVE NAMES NOT ON ORIGINAL FORMS AND SCANNED INFO INPUTED TO RESEMBLE PLAINTIFF CASE #), FACEBOOK SCANDAL, INTERNAL AFFAIRS REPORT ABOUT TYRA DEVEAUX #3212 AND HER DRUG DEALING BROTHER, AND PROPERTY RECEIPT OF RASHON CARTER BUT NOT ONE DOCUMENT IN ORDER TO PROVE CONFIDENTIAL INFORMANT #1417 EXISTS OR EVEN PROPERLY BEING UTILIZED.

THESE MATTERS WERE ATTEMPTED (BY THE COURT AND D.A.) TO BE IGNORED THROUGHOUT THE YEAR OF 2020, DURING PRETRIAL MOTIONS AND HEARINGS, DURING AND AFTER THE FABRICATED, PERJURED, AND FRAUDULENT TESTIMONY OF P/O'S TIMOTHY BOGAN #3358 AND JEFFERY GALAZKA #7481.

ATTACH (16) TO PAGE 5

THERES NOW AN EXCESSIVE AMOUNT OF TIME (120+ DAYS), THAT THE "HONORABLE" CHARLES EHRICH IS PLANNING TO DELAY THE EVITABLE DECISION OF GRANTING THE PLAINTIFF'S MOTION TO SUPPRESS. NOT JUST BECAUSE OF THE HUMILIATION BUT ALSO BECAUSE OF THE EXTREMITIES OF FRAUD AND CORRUPTION SHOWN BY THESE DESPICABLE POLICE OFFICERS.

THE A.D.A (MAZMANIAN) AND JUDGE (EHRLICH) ARE IGNORING THE RULES OF PROFESSIONAL CONDUCT AS WELL AS THE PLAINTIFF'S CONSTITUTIONAL RIGHTS AND CIVIL RIGHTS. THEY ARE EQUALLY RESPONSIBLE FOR THE PROPAGATION OF FALSE HOOD AND A FRAUD UPON THE COURT. THEY'RE MISUSING ONE JURISDICTION ON THE COUNT OF ANOTHER. (FEDERAL ILLEGAL INDICTMENT PENDING)

THERES NO OTHER REASON FOR THE JUDGE TO REFUSE RULING, THERE IS NO OTHER EXCUSE FOR DISTRICT ATTORNEY'S OFFICE TO REFUSE DISMISSAL, EXCEPT BIAS JUDGEMENTS ON BOTH PARTY'S SIDE AND TRYING TO DELAY THE PLAINTIFF'S CIVIL COMPLAINT PROCEDURES. THIS BEING THE REASON WHY PLAINTIFF HAS DECIDED TO FILE NOW AND BEFORE (WHAT IS EXPECTED) CHARGES ARE DISMISSED, NOLLE PROSSE OR WHATEVER MANNER IS DECIDED BUT ONE THING FOR SURE, IS THE COURT AS WELL AS PROSECUTION, KNOWS THIS CASE WILL NEVER GO BEFORE A JURY.

FOR THESE REASONS, PLAINTIFF IS ALSO REQUESTING AN EX PARTE INJUNCTION/PRELIMINARY INJUNCTION ORDERING THE PLAINTIFF'S IMMEDIATE RELEASE AND DISMISSAL OF THE FRIVOLOUS FEDERAL INDICTMENT/ VINDICTIVE FEDERAL INDICTMENT.

ATTACH (17) TO PAGE 5

The Unconstitutional accounts of the Plaintiff's case are the everyday treatment of the City's way of dealing with the incarcerated individuals held on State Road. If one were to care enough to investigate these claims by questioning the inmates about their court proceedings, it'll prove the multitudes of violations.

A further look into the Plaintiff's case as well as transcripts for the hearings held on August 26, 2020 and September 14, 2020. Then theres the continuation of prolonging the decision in the suppressing. As if the Plaintiff has not already been subjected to the worst proceedings and pre-trial detention, violations of speeding trial rights, probabely ever reported.

Leading into the cause and effects of Covid-19 and the treatment the City of Philadelphia's customs and policies put into play during the Nations crisis.

- The failure to release the non-violent inmates (such as the Plaintiff)
- Staff not being ordered to take test (causing out-breaks)
- Locking inmates in their cells for days at a time
- Failure to allow inmates to go to court, causing illegal detainments and due process violations
- No law library further disallowing court access
- Making inmates wear sheets for Covid-19 mask
- No family visits and making inmates pay for video visits.
- Placing positive tested inmates in population with non-positive inmates (detention center A-blk plaintiff caught Covid-19 due to this procedure).

THE PLAINTIFF WAS ALREADY INCARCERATED FOR APPROX. 11
MONTHS BEFORE THE PHILA. PRISON'S ADMINITRATIVE TEAM
DECIDED TO MOVE THE PLAINTIFF FROM THE MORE HEALTHY,
SAFE, MODERATE JAIL OF CURRAN FROMHOLD CORRECTIONAL FACILITY
TO THE CONDEMNED, NASTY, UNSANITARY, ROACH, AND RAT INFECTED
DETENTION CENTER FACILITY.

MARCH 16, 2020, ONE (1) DAY BEFORE THE CITY OF PHILA. DECIDED
TO SHUTDOWN THE CITY DUE TO COVID-19. ALMOST IMMEDIATELY
AFTER ARRIVING IN THE CONDEMNED FACILITY, THE PLAINTIFF BEGAN
TO SUFFER FROM ALLERGY/FLU LIKE SYMTOMS AND REQUESTED
MEDICAL SERVICES BY FILLING OUT A SICK CALL SLIP.

INSTEAD OF WAITING ON A RESPONSE THE PLAINTIFF WENT
TO A CORRECTIONAL OFFICER WHO WAS HOUSED ON THE UNIT
AND ASKED TO BE SENT TO MEDICAL. THE C/O COMPLTED
BY WRITING THE PLAINTIFF A PASS TO GO DOWN THE
HALL TO MEDICAL.

NOTE:
ALL THOUGH THE CITY WAS SHUT-DOWN DUE TO COVID-19
AND THOUSANDS OF PEOPLE WERE ALREADY FOUND TO HAVE
BEEN INFECTED OR EVEN DIED FROM COVID-19, NO STAFF
OR INMATE WAS MANDATED TO WEAR ANY P.P.E. GEAR
AND DID NOT BEEN WEARING ANY OR MAKING ANY
AVAILABLE FOR INMATES OR STAFF UNTIL APPROX. APRIL-
MAY.

PLAINTIFF WAS GIVEN TWO ALLERGY PILLS/COLD TABLETS, TOLD
A PRESCRIPTION OF ALLERGY PILLS WOULD BE AVAILABLE WITHIN
THE NEXT (2) TWO DAYS. TWO (2) MONTH'S OR LESS LATER ON
MAY 30, 2020 PLAINTIFF WAS TOLD TO MOVE TO THE TOP
TIER OF HIS BLOCK (A), ▓▓▓▓ WHERE THE OTHER INFECTED INMATES
WERE ALREADY BEING "QUARANTINED".

At some point prior before the Plaintiff tested positive for Covid-19, not only did the City of Phila. Prison Administration decide to house the "Quarantining" inmates on the Plaintiff's block (A) (which was regular population) but they also placed industrial fans on the tiers, because of the lack of a ventilation system.

Not only was the decision to place infected inmates on the same block (A) as the uninfected pure advertent negligence but it was also advertent negligence to place industrial fans (about 12 fans), in which, has the capacity to blow 30 miles per hour, on the block with inmates who are infected with a "air-bourne" disease.

Any sane, intelligent individual could see the hazardness in a decision to place fans (high-powered) in the same area of the quarantining individuals, who are infected with a air-bourne disease. This is clear advertent negligence at its best.

When Plaintiff began to complain to staff members about the quarantining inmates, the response has always been, "it not my call. It came from higher up." Meaning Commissionor Carney Blanche who in turn, was following orders from Mayor Jim Kenney (the City of Phila/Phila. Prisons)

All grievances filed by Plaintiff, wether to medical, staff, or appeals sent directly to Comm. Carney Blanche, the response has all the times been, "The Phila. Prison system has followed all protocol and policy of the City of Philadelphia. Thus, confirming, the protocol and policies are broken, non-effective for crisis such as Covid-19/Coronavirus.

THE PHILA. PRISON SYSTEM HAS NEVER BEEN PROPERLY TRAIN (IF TRAIN AT ALL) FOR A AIR-BOURNE DISEASE OUT BREAK. THE NUMBER OF INFECTED (800+), JUST IN THE PHILA. PRISON SYSTEM ALONE, SHOWS THE UNPREPARED ADMINISTRATION'S INCAPABILITY TO KEEP INMATES SAFE DURING AND OUTBREAK SUCH AS COVID-19.

DURING THE PLAINTIFF'S FIRST POSITIVE TESTING, (PLAINTIFF HAD TO TAKE TEST TWICE BECAUSE THE FIRST TEST CAME BACK INCONCLUSIVE) THE MEDICAL STAFF DID NOT PRACTICE SOCIAL-DISTANCING WHEN DOING TESTING. THE MEDICAL STAFF (COROZAN) ALSO FAILED TO CHANGE P.D.E GEAR (GLOVES) IN BETWEEN TESTING, WHICH LEAVES THE POSSIBLE, SPREADING OF OR FROM ONE TEST STICK OR INMATE TO ANOTHER.

THUS, THE FAILURE TO CHANGE GLOVES IN BETWEEN TEST SUBJECTS IS ANOTHER CLEAR SIGN OF THE LACK OF TRAINING AND OR CLEAR ADVERTENT NEGLIGENCE.

THROUGHOUT THE ENTIRETY OF THE OUTBREAK, THE CITY OF PHILA., AND THE PHILA. PRISON SYSTEM HAVE COMPLETELY IGNORED THE CIVIL RIGHTS/CONSTITUTIONAL RIGHTS OF THE INMATES. IN THE BEGINNING OF THE "SHUTDOWN" THE CITY WAS ALLOWING THE NON-VIOLENT ALLEGED OFFENDERS TO GO HOME ON; LEG MONITORS, NOMINAL BAILS ETC. INMATES WHO EVEN HAD MULTIPLE OPEN CASES AND OR PROBATION/PAROLE DETAINERS GO HOME IN AN ATTEMPT TO STOP THE SPREAD.

THE PLAINTIFF, WHO IS AND WAS A NON-VIOLENT ALLEGED OFFENDER, WHO HAD NO PAROLE/PROBATION VIOLATION DETAINER, ONLY BEING HELD ON A UNPAYABLE BAIL, AND ILLEGALLY ARRESTED/DETAINED, WAS REPEATEDLY OVER LOOKED FOR EMERGENCY RELEASE, AND EVEN AFTER BEING INFECTED DUE TO THE ADMINISTRATION'S NEGLIGENCE, AND EVEN AFTER THE PLAINTIFF'S CONST. RIGHT TO A FAIR AND SPEEDING TRIAL WAS BEING VIOLATED AND EVEN AFTER

ATTACH (21) TO PAGES

PLAINTIFF'S ABUNDANT ATTEMPTS TO ADDRESS THE COURT ABOUT THESE CRUEL AND UNUSUAL TREATMENTS, (THROUGH MOTIONS) PLAINTIFF'S CHANCE TO ARGUE THESE FACTS IN FRONT OF THE HONORABLE CHARLES EHRLICH, (JULY 22, 2020) THE PLAINTIFF WAS NOT ONLY DENIED RELEASE BUT HIS BAIL WAS REVOKED AS WELL.

DUE TO THE REVOCATION OF PLAINTIFF'S BAIL, THIS LEFT THE PLAINTIFF COMPLETELY CAPTIVE, WITHOUT ANYWAY AT ALL TO ESCAPE THE UNCONST. DETENTION.

THE REVOCATION WAS BLATANTLY ENFORCED BY THE HON. CHARLES EHRLICH AND STRATEGICALLY PUT IN PLACE BY A.D.A GREG MAZMANIAN. NOT JUST BECAUSE OF THE PLAINTIFF'S CHOICE TO PRACTICE HIS CONST. RIGHTS (SELF-REPRESENTATION), GOOD ARGUMENTS AGAINST THE JUDICIAL SYSTEM/INVOLVED POLICE OFFICERS, BUT ALSO, BECAUSE THE JUDGE AND DISTRICT ATTORNEY (MAZMANIAN) WANTED TO KEEP THE PLAINTIFF FROM SPEAKING OUT TO THE PUBLIC ABOUT THE FACTS OF HIS CASE.

THIS CAN ALSO BE PROVEN BY THE CITY OF PHILA, DECISION TO STOP THE PUBLIC FROM JUST WALKING INTO THE COURTHOUSE UNLESS PLACED ON SOME TYPE OF LIST THAT THE PLAINTIFF WAS NEVER INFORMED OF.

PLAINTIFF WAS ALREADY INCARCERATED FOR EXACTLY (15) FIFTEEN MONTHS, HELD ON A $100,000 BAIL, BEFORE THE COURTS DECIDED TO REVOKE HIS BAIL AND THAT DECISION WAS NOT MADE UNTIL PLAINTIFF BEGAN TO CHALLENGE HIS DETENTION, ATTEMPT TO OBTAIN A NOMINAL BAIL AND THE REALIZATION THAT PLAINTIFF HAD EVERY RIGHT TO BE RELEASED.

ATTACH (22) TO PAGE 5

NOT ONLY, THE REVOCATION OF THE PLAINTIFF'S BAIL A CLEAR SHOWING OF INTENTIONAL MALICE, DONE TO DELIBERATELY DISREGARD THE PLAINTIFF'S CONSTITUTIONAL RIGHTS BUT ALSO THE JUDGE'S DECISION TO NOT RULE ON THE MOTION TO SUPPRESS.

THE INTENTIONAL DELAYING OF A COURT PROCEEDING, IS NOT JUST DUE PROCESS VIOLATIONS BUT ALSO, SPEEDY FAIR TRIAL VIOLATIONS AND EQUAL PROTECTION OF LAW VIOLATIONS AS WELL.

THE HONORABLE EHRLICH HAS A MISCONCEPTION, THAT BECAUSE THE PLAINTIFF, HAS A PENDING FEDERAL INDICTMENT (ALSO STRATEGICALLY AND FRIVOLOUS DUE TO, ILLEGAL ARREST, ILLEGAL SEARCH AND SEIZURE AND A FRAUD UPON THE COURT), HE IS NOT OBLIGATED TO RULE ON A ALREADY HELD AND ARGUED, (DURING PRE-TRIAL HEARING ON AUG 26, AND SEPT 14, 2020) MOTION TO SUPPRESS. THE INDICTMENT DOES NOT RELINQUISH HIS DUTIES TO RULE ON A ALREADY HELD PROCEEDING. ESPECIALLY WHEN THE LEADING POLICE OFFICER (TIMOTHY BOGAN #3358) HAS ADMITTED TO FORGING A.D.A NAME ON THE SEARCH WARRANT. (PRE-TRIAL HEARING (SUPPRESSION) SEPT 14, 2020 PG.18)

FURTHERMORE, IF THE DECISION IS NOT MADE TO GRANT OR DENY THE MOTION, WITH A PENDING U.S. MARSHALL DETAINER LODGE ON THE PLAINTIFF (STILL NOT ARRAIGN BY FEDERAL AUTHORITIES), ONE CAN ONLY DETERMINE (WITH ALL OTHER KNOWN FACTS OF PLAINTIFF'S STILL PENDING CRIMINAL CASE # CP-51-CR-0004488-2019) THE COURT IS DELIBERATELY NOT RULING ON THE MOTION FOR ONE (1) OR (2) REASONS;

(1) TO KEEP PLAINTIFF FROM APPEALLING AN ERRONEOUS
DECISION, OR

(2) THE COURT KNOWS THE MOTION TO SUPPRESS HAS TO
BE GRANTED AND THIS WOULD START THE TIME LIMITS
OF THE FEDERAL COURT TO ARRATEN, OR FOR THE PHILA.
PRISON SYSTEM TO RELEASE PLAINTIFF, FOR THE
FEDERAL COURT FAILURE TO COME AN GET PLAINTIFF
FOR ARRAIGNMENT.


DUE TO COVID-19, THE PHILA. COURT SYSTEM HAS NOT
BEEN PROCEEDING ON SCHEDULED COURT PROCEEDINGS.
DUE TO THE 150+ FEDERAL INMATES INFECTED IN
F.D.C. FEDERAL COURTS/MARSHALLS HAVE NOT BEEN
ACCEPTING NEW INMATES.


DUE TO THIS INFORMATION IT IS NOT FAR FETCHED
THAT THE HONORABLE CHARLES EHRLICH, IS DELIBRATELY,
MALICIOUSLY, STRATIGICALLY DELAYING A RULING ON THE
PLAINTIFF'S MOTION. CLEARLY, WITH MALICE, VIOLATING
THE PLAINTIFF'S 14TH AMENDMENT.


THROUGHOUT THE SHUTDOWN OF THE CITY OF PHILA. AND
THE PHILA. PRISON SYSTEM, THE PLAINTIFF HAS BEEN
DENIED ACCESS TO THE COURTS. WETHER IT BE MOTIONS
NOT GETTING FILED (BECAUSE COURTHOUSE STAFF NOT WORKING)
OR COMM. CARNEY BLANCHE CALL TO SHUT-DOWN THE LAW
LIBRARY IN THE PRISON.


ATTACH (24) TO PAGE 5

THIS ALSO BEING THE CAUSE OF PLAINTIFF, HAVING TO HANDWRITE THIS CURRENT 1983 COMPLAINT. FOR THIS REASON THE PLAINTIFF APOLOGIZES FOR THIS AND ASK RESPECTFULLY, THAT EASTERN DISTRICT UNDERSTANDS THE DELIMMA AND ACCEPTS THIS COMPLAINT. FOR ANY CLARITY NEEDED PLEASE NOTIFY PLAINTIFF, THANK YOU!

PLAINTIFF HAS WRITTEN SEVERAL GRIEVANCES ABOUT THE LAW LIBRARY AS WELL. IN ONE APPEAL ADDRESS TO COMM. BLANCHE, SHE RESPONDED, "YOU HAVE RECIEVED ACCESS TO THE LAW LIBRARY ACCORDING TO THE BOOK FOR TWO DAYS IN AUGUST". (NOT EXACT WORDING BUT SAME RESULTS)

THUS, EVEN AFTER, PLAINTIFF EXPLAINED HE IS PRO-SE AND REQUIRED MORE THAN (2) TWO HOURS A MONTH. PLAINTIFF HAS EVEN BEEN GRANTED EXTRA TIME BY REQUEST IN WHICH WAS STILL VIOLATED. IN ONE MOST RECENT GRIEVANCE RESPONSE (IN WHICH ARGUED AGAINST BEING DENYIED COURT ACCESS) CAPTAIN SMITH, ERRONEOUSLY STATES PLAINTIFF IS SERVING A SENTENCE (WITCH PLAINTIFF CLEARLY IS NOT) AND CLEARLY ADMITS, LAW LIBRARY IS TEMPORARILY SUSPENDED.

TEMPORARILY SUSPENDING THE LAW LIBRARY, IS TEMPORARILY DENYING ACCESS TO THE COURTS FOR ANY TYPE OF RELIEF, AND IN TURN (SUCH AS IN PLAINTIFF'S CASE) TEMPORARILY ILLEGALLY DETAINING THE PLAINTIFF WITHOUT AN ABILITY TO SHOW OR DEMONSTRATE HOW. COMPLETELY ILLEGALLY HOLDING THE PLAINTIFF CAPTIVE.

THESE ARE JUST BRIEF EXAMPLES HOW THE CITY OF PHILA, AND THE PHILA. PRISON SYSTEM THINKS THATS ITS OKAY TO VIOLATE CONSTITUTIONAL RIGHTS, DURING A TIME (SUCH AS A CRISIS) ~~IN WHICH~~, IT BE MOST IMPORTANT.

To safe guard the rights. For there is no need to protect civil right, until they are being attacked, and in times such as a crisis, is when there is a need to be sure the rights of the United States citizens are being protected. Clearly, throughout the entirety of the Pandemic, the City of Philadelphia and the Philadelphia Prison System has failed to do so.


For these reasons, the Plaintiff has placed a "Monell" claim against the City of Philadelphia, for;

1) Failure to properly train Police Narcotic Bureau staff members,

2) Failure to properly supervise and allowing the illegal/unconstitutional policies, customs, and practices of Cheif Inspector Anthony Boyle and Inspector Raymond Evers.

3) The long time practices of the Judicial System in which allowed the practice and customs in which continuously violates the Due Process. and Equal Protection Clauses, and court access protection.

4) Failure to train and or put in place proper policies in order to protect the health and safety of inmates during regular times as well as a Pandemic/Crisis.

ATTACH (26) to Page 5

THE FOLLOWING OFFICERS ARE BEING SUED FOR INTRODUCING ILLEGAL / UNCONSTITUTIONAL POLICIES, PRACTICES, AND CUSTOMS;

1) CHIEF INSPECTOR ANTHONY BOYLE AND
2) RAYMOND EVERS (INSPECTOR)     AMOUNT OF $250,000 EACH


THE FOLLOWING OFFICERS ARE BEING SUED FOR ILLEGAL ARREST AND ILLEGAL SEARCH AND SEIZURE;

1) TIMOTHY BOEAN # 3358    AMOUNT OF (1) MILLION $.
2) TYRA DEVEAUX # 3212    AMOUNT OF (1) MILLION $.
3) JEFFERY GALAZKA # 7481    AMOUNT OF (1) MILLION $.
4) RICHARD WOERTZ # 7328    AMOUNT OF $150,000
5) SGT. PATRICK LOVE # 8554    AMOUNT OF (1) MILLION $


THE FOLLOWING OFFICERS ARE BEING SUED FOR MALICIOUS PROSECUTION AND ABUSE OF PROCESS;

1) TIMOTHY BOEAN # 3358    ADDITIONAL $250,000
2) JEFFERY GALAZKA # 7481    ADDITIONAL $150,000

ALSO FOR ABUSE OF PROCESS;

1) JASON MORGAN (D.A. REP.)    AMOUNT OF $250,000


THE FOLLOWING OFFICERS ARE BEING SUED FOR THE VIOLATIONS OF PLAINTIFF'S DUE PROCESS AND EQUAL PROTECTION CLAUSE;

1) TIMOTHY BOEAN # 3358    ADDITIONAL $250,000
2) TYRA DEVEAUX # 3212    ADDITIONAL $250,000
3) SGT. PATRICK LOVE # 8554    ADDITIONAL $250,000


ATTACH (27) TO PAGE 5

DELIBERATELY, INTENTIONALLY, WITH MALICIOUS INTENT, TO VIOLATE THE PLAINTIFF'S RIGHTS (UNDER THE 6TH AMEND) TO A FAIR AND SPEEDY TRIAL, AND TO HAVE ACCESS TO THE COURT, AS WELL AS EFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE, WHILE ALSO CONSPIRING WITH THE JUDGES AND DISTRICT ATTORNEY (PROSECUTION), IN ORDER TO DO SO, WHILE PURSUING ILLEGAL DETAINMENT OF THE PLAINTIFF, FOR THESE REASONS AND MORE, PLAINTIFF IS ADDING A 42. U.S.C.S 1985(3) AND 1986 CLAIMS AGAINST THE FOLLOWING;

1) THE CITY OF PHILA / PHILA. DISTRICT ATTORNEY OFFICE
2) A.D.A. GREG MAZMANIAN IN THE AMOUNT OF 1 MILLION $.
3) JUDGE CHARLES EHRLICH IN THE AMOUNT OF 1 MILLION $.
4) JOSEPH L. COLEMAN ESQ. IN THE AMOUNT OF $500,000.
5) JUDGE ROBERT P. COLEMAN IN THE AMOUNT OF $500,000.
6) P/O TIMOTHY BOGAN #8358 IN THE AMOUNT OF 2 MILLION $.
7) P/O TYRA DEVEAUX #3212 IN THE AMOUNT OF 2 MILLION $.
8) P/O JEFFERY GALAZKA #7481 IN THE AMOUNT OF 1 MILLION $.

THE PLAINTIFF IS REQUESTING (RESPECTFULLY) A JURY TRIAL TO DETERMINE THE AMOUNT OF MONETARY RELIEF, FOR THE "MONELL" CLAIMS, FOR THE ALLOWANCE OF THE LONG TIME INJUSTICE, CAUSED BY THE JUDICIAL SYSTEMS PRACTICES AND CUSTOMS AND FOR THE LONG TIME PRACTICES AND CUSTOMS OF THE NARCOTIC FIELD UNIT, AS WELL AS THE UNCONSTITUTIONAL POLICIES INTRODUCED BY INSP. RAYMOND EVERS AND CHIEF INSP. ANTHONY BOYLE.

THE PLAINTIFF FURTHER REQUEST EX-PARTE INJUNCTION RELIEF, IN WHICH WILL CAUSE THE IMMEDIATE RELEASE OF PLAINTIFF, FROM ANY FEDERAL OR STATE DETENTION OR CHARGES.

ATTACH (28) TO PAGE 5

PLEASE SEE BACK OF THE PAGE →

FURTHERMORE, PLAINTIFF IS REQUESTING, PREVENTIVE INJUNCTION, IN ORDER TO PREVENT THE JUDICIAL SYSTEM OF PHILA., IN THE PARTICIPATION DEMONSTRATED BY THESE DEFENDANTS, AND TO BE SURE NO OTHER CITIZEN OF THE UNITED STATES WILL BE SUBJECTED TO THIS TYPE OF UNCONSTITUTIONAL TREATMENT IN THE FUTURE AND TO PREVENT THE PHILA, PRISON SYSTEM FROM VIOLATING PRO-SE DEFENDANTS RIGHTS (SUCH AS DENYING LAW LIBRARY AND ACCESS TO THE COURT) AND TO SAFE GUARD THE HEALTH AND SAFETY OF INMATES DURING A PANDEMIC OR ANY AND ALL OTHER CRISIS.

PLAINTIFF ALSO REQUEST MONETARY RELIEF, FOR DAMAGES DUE TO THE ADVERTANT NEGLIGENCE OF THE CITY'S POLICIES, COMM. CARNEY BLANCHE ADMINISTRATION DECISIONS, AND THE CITY'S FAILURE TO INFORM AND OR PROPERLY TRAIN MEDICAL STAFFING AND PHILA. PRISON SYSTEM STAFFING, FOR A AIRBOURNE DISEASES, SUCH AS COVID-19 AND THUS BEING THE DIRECT RESPONSIBLE REASON FOR PLAINTIFF BEING EXPOSE TO A DEADLY VIRUS, FOR SUCH FAILURE TO PROPERLY TRAIN (MONELL CLAIM SEPARATE FROM ABOVE MONELL CLAIM) AND ADVERTANT NEGLIGENCE OF COMM. CARNEY BLANCHE AND HER ADMINISTRATION, PLAINTIFF REQUEST 10 MILLION $ FOR CIVIL RIGHTS DAMAGES UNDER 8TH AND 14TH AMENDMENTS AND PUNITIVE DAMAGES FOR THE MENTAL ANGUISH AND ANXIETY OF KNOWING PLAINTIFF CAN STILL HAVE MEDICAL ISSUES OR WORST DEATH, FOR SUCH THE PLAINTIFF REQUEST AN ADDITIONAL $ 500,000.

ATTACH (29) TO PAGE 5

- Any and other forms of relief this court feels adequate can and should be entered.

- Any and all other ~~Defendants~~ DEFENDANTS the plaintiff may not have successfully stated claims against the plaintiff hopes and prays the courts allow him to do so.

- Any and all other defendants not addressed, that court feels should be added to this claim, please feel free to do so, but please do not remove any defendant from this claim without first giving the plaintiff notice.

- Plaintiff ask this complaint be well respected and tooken in to consideration and understanding for the treatment suffering and current conditions of the prisons, due to Covid-19.

- Any clarity, misunderstanding, and or mistakes, the plaintiff respectfully request notice and oppoetunity to fix.

- Plaintiff swears and confirms all information written in this complaint is true and correct, to the best of his knowledge and understanding. For plaintiff would never intentionally commit perjury or deliberately lie on any government officials or judicial employee.

Respectfully Requested
and Submitted

*[signature]*

MARK CHAMBERLAIN
12-21-2020

ATTACH ( ■ )
30

MARK CHAMBERS

859335

C.F.C.F. PHILA. PRISON SYSTEM

7901 STATE ROAD

PHILADELPHIA, PA 19136

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes   PARTIALLY

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

C.F.C.F.  /  DETENTION CENTER  /  RIVERSIDE C.F.
7901 STATE RD.  8201 STATE RD.  8151 STATE RD.
PHILA PA. 19136  PHILA. PA. 19136  PHILA. PA. 19136

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No   BY DEFAULT, CHOICE OF ADMINISTRATION

☐ Do not know

If yes, which claim(s)?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes     RELEVANT PARTS

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

• C.F.C.F
• DETENTION CENTER
• RIVERSIDE CORR. FACILITY

2.    What did you claim in your grievance?    DENIED ACCESS TO COURTS / LAW LIBRARY, INTENTIONAL EXPOSSURE TO COVID-19, CRUEL AND UNUSUAL PUNISHMENT, UNCONSTITUTIONAL DETAIN-MENT, DEPRIVATION OF PROPERLY TRAIN STAFF, UNHEALTHY, UNSAFE ENVIROMENT

3.    What was the result, if any?    ADMINISTRATION COMPLETELY IGNORED MOST GRIEVANCES AND THE ONE TIME RESPONSED TO WAS GIVEN INSUFFICIENT RESPONSES AND ABSOLUTELY NO ACTIONS TO IMPROVE. INFACT EVERYTHING IS STILL THE SAME AS PLAINTIFF WRITES THIS COMPLAINT.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

APPEALED TWICE. BOTH TIMES WERE DO TO NO RESPONSE IN GRIEVANCES. MANY ARE STILL UNRESPONDED TO. FAR BACK AS MAY 2020. APPEAL WAS RESPONDED TO ONCE AND DID NOT ADDRESS ISSUES BUT RESPONDED IN A PRE-WRITTEN SCRIPT MANNER. BASICALLY WHAT ONE IS TRAIN TO SAY.



F.     If you did not file a grievance:

     1.    If there are any reasons why you did not file a grievance, state them here:

        *N/A*

     2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

        *N/A*

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. *THE ADMINISTRATION HAS FLAWED THE GRIEVANCE SYSTEM BY DEFAULT OF FAILURE TO RESPOND OR ACT ACCORDINGLY TO FIX THE ISSUE OR HELP THE INMATES IN ANY WAY. NO ONE RESPECTS THE SYSTEM.*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

*N/A*

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes    FEDERAL HABEAS CORPUS

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    MARK CHAMBERS

Defendant(s)    TIMOTHY BOEAN ET AL

2.    Court *(if federal court, name the district; if state court, name the county and State)*

EASTERN DISTRICT OF PENNSYLVANIA IN THE CITY OF PHILA.

3.    Docket or index number

CIVIL ACTION NO. 19-4131

4.    Name of Judge assigned to your case

JOEL H. SLOMSKY

5.    Approximate date of filing lawsuit

AUGUST 31, 2019

6.    Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.    JANUARY 15, 2020

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

CASE WAS DISMISSED FOR FAILURE TO EXHAUST LOWER COURT REMEDIES. (HABEAS CORPUS 2241)

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
      Plaintiff(s) _____
      Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

      _____

3.    Docket or index number

      _____

4.    Name of Judge assigned to your case

      _____

5.    Approximate date of filing lawsuit

      _____

6.    Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _12-21 - 2020_

Signature of Plaintiff  _____

Printed Name of Plaintiff  _MARK CHAMBERLAIN_

Prison Identification #  _859335_

Prison Address  _8151 STATE ROAD  ( R.C.F._
_PHILADELPHIA_          _PA._          _19136_
City                State        Zip Code

### B.    For Attorneys

Date of signing:  _____

Signature of Attorney  _____

Printed Name of Attorney  _____

Bar Number  _____

Name of Law Firm  _____

Address  _____
_____
City                State        Zip Code

Telephone Number  _____

E-mail Address  _____

MARK CHAMBERS
8151 STATE RD.
...hia Department of Prisons
...hia, PA 19136
859335



CLERK OF COURT, EDPa
JAMES A. BYRNE
U.S. COURTHOUSE ROOM 2609
601 MARKET ST.
PHILADELPHIA, PA. 19106

