IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK CHAMBERLAIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6572 |
| | : | |
| THE CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 10th day of April, 2023, upon consideration of Plaintiff Mark Chamberlain's Request to Remove Stay Order (ECF No. 18) and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Chamberlain's Request to Remove Stay Order is **GRANTED**.

2. The Court's September 13, 2022 Order staying this matter is **VACATED**.

3. The Clerk of Court is **DIRECTED** to remove the stay of this matter.

4. The Clerk of Court is **DIRECTED** to add Joseph L. Coleman, Esq. as a Defendant in this Case.

5. For the reason stated in the Court's Memorandum, Chamberlain's claims based on prison conditions are **SEVERED** from this civil action into a separate lawsuit as follows:

    a. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and accompanying Memorandum and a copy of the Complaint in the instant case (ECF No. 2).

    b. The new civil action shall name Mark Chamberlain as the Plaintiff and shall name as Defendants the City of Philadelphia, Mayor Jim Kenney, Commissioner Blanche Carney, and the Philadelphia Prison System.

      c.    The Clerk of Court is further **DIRECTED** to terminate Defendants Mayor Jim Kenney, Commissioner Blanche Carney, and the Philadelphia Prison System as Defendants in the instant case, Civil Action Number 20-6572. Claims against those Defendants will be addressed in the new civil action.

      d.    The Clerk of Court is **DIRECTED** to assign the new civil action in accordance with applicable Court procedures.

6.    For the reasons stated in the Court's Memorandum, Chamberlain may proceed only on his Fourth Amendment malicious prosecution claim against Defendants Bogan, Deveaux, Galazka, and Morgan.

7.    For the reasons stated in the Court's Memorandum, all remaining claims are **DISMISSED WITH PREJUDICE** for the reasons stated in the Court's Memorandum.

8.    The Clerk of Court is **DIRECTED** to terminate the following Defendants in this matter: (a) the City of Philadelphia; (b) Inspector Raymond Evers; (c) Chief Inspector Anthony Boyle; (d) Police Officer Richard Woertz; (e) Sgt. Patrick Love; (f) Hon. Robert P. Coleman; (g) Hon. Charles Enrltch; (h) A.D.A. Greg Mazmanian; and (i) Joseph L. Coleman, Esq.

9.    The Clerk of Court shall issue summonses. Service of the summonses and the Complaint, along with a copy of this Order and the Court's accompanying Memorandum, shall be made upon the Defendants Bogan, Deveaux, Galazka, and Morgan only by the U.S. Marshals Service. Chamberlain will be required to complete USM-285 forms so that the Marshals can serve these Defendants. Failure to complete those forms may result in dismissal of this case.

10.    All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be

made by mail.  Proof that service has been made is provided by a certificate of service.  The certificate of service should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

> "I,  (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>    (Signature)"

11.     Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.  Chamberlain is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

12.     Chamberlain is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Chamberlain shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

13.     No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

14. In the event a summons is returned unexecuted, it is Chamberlain's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

15. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

                                  /s/ Jeffrey L. Schmehl
                             **JEFFREY L. SCHMEHL, J.**