IN THE UNITED STATES DISTRICT COURT
FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

---

**MARK CHAMBERLAIN**                                  CIVIL ACTION

        **Plaintiff,**                                       No. 20-CV-6572

V.

**POLICE OFFICER BOGAN ET AL...**

        **Defendants**

---

## OFFICIAL RESPONSE TO DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSE

PLaintiff is now responding to the **"answer with affirmative defense"** filed by counsel for the above captioned defendants.

To the Plaintiff's knowledge counsel for the defendants is unaware of the extremities involved in the above captioned matter. For that reason the Plaintiff will briefly address the issues involved while, while briefly addressing the defendant's affirmative defenses.

1. Throughout the entirety of the Plaintiff's criminal case (initiated 4-22-19. Case no. CP-51-CR-4488-2019) there have been an abundance of attempts in order to terminate or proceed legally with constitutional validity in this matter. Every attempt was ignored ignorantly and without justification or proof of reason, causing the matter to unconstitutionally become dragged out into a spiral of violations.

2. Plaintiff has still yet to get a decision in a suppression hearing held on 08-26-2020 and 09-14-2020 before the court of philadelphia, due to the atrocities of the case in which the court refuses to respond

3. Though this court has dismissed the allegations of a 4th amendment violation, this court has allowed the plaintiff to proceed with the claim of malicious prosecution against the above defendants.

4. The initiation of this matter (cp-51-cr-44888-2019) was not only unconstitutional but corrupted as well. In which the Plaintiff has the proper documentation from the Philadelphia police department and forensic unit.

5. Plaintiff also has official documentation from the courts of Philadelphia and the District courts for the Eastern District of Pennsylvania proving the illegality of the investigation orchestrated by Police Officer Timothy Bogan #3358 and Police Officer Tyra Deveaux #3212. There is currently an ongoing investigation with internal affairs about this matter as well.

6. Furthermore, though the courts has not allowed the Plaintiff to proceed with a 4th amendment claim the Plaintiff has official documentation from the courts of Philadelphia and the Eastern District courts of Pennsylvania, proving the forgery and fraudulenty of the signature used for the bail commissioner whom the defendants claim to have signed the search warrant used to illegally enter in to Plaintiff's home on the evening of 4-22-2019.

7. These claims are not minute and the Plaintiff (if the matter has to proceed thus far) will submit these items to a jury in order to not only show the character of these defendants but also to prove the malicious prosecution claim.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S ALLEGED AFFIRMATIVE DEFENSES

#### The first alleged affirmative defense

The defendant's counsel is mistaken by stating the Plaintiff has failed to state a claim, as the courts have already screened the Plaintiff's complaint and have allowed the Plaintiff to proceed with this Malicious Prosecution claim. So this defense is flawed.

#### The second alleged affirmative defense

The defendant's counsel has stated the asserted all defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act". Unfortunately this Act does not qualify for the defendants due to the Malicious Intent and purposefulness actions of the defendants. In which can be established under the Political Subdivision Tort Claims Act and The United States Constitution.

### The third alleged affirmative defense

The counsel for the defendants also mistakens in the third alleged affirmative defense as in the second. There can be no defense of immunity where intent was purposeful with malice.

### The forth alleged affirmative defense

Counsel is once again mistaken in this defense because of the fact all charges were nolle prossed in relation to probable cause and the documentation from the courts reveals the botched attempt to present a fraud upon the court in order to make probable cause where there was none.

### The fifth alleged affirmative defense

Once again counsel is mistaken in this defense as in the last. The probable cause was never proved as the charges were dismissed and no conviction related to probable cause was obtained. Furthermore, evidence that can be presented to a jury will prove facts of fraud and forgery by the defendants in order to confuse and mislead the courts.

### The six alleged affirmative defense

The counsel for the defendants is once again mistaken by stating the Plaintiff was actually guilty for the crimes for which he was arrested or charged because the Plaintiff was never convicted of these charges in the City Of Philadelphia. Furthermore there was no conviction of any kind for the alleged probable cause investigation for drug dealing for which the defendants claim was their motive for entry into Plaintiff's home.

### The seventh affirmative defense

Counsel for the defendant makes the claim that Plaintiff is barred in whole or in part, to the extent he has failed to take reasonable measures to mitigate any or all damages. What counsel may or may not know is that the Plaintiff was incarcerated throughout the entirety of his case and was only recently released. Throughout the entire time of Plaintiff's incarceration, he has done nothing but tried to mitigate the case and specific issues pertaining to the case but it all fell on deaf ears. Defendants had multiple opportunities to cease with the prosecution but continued on trying to maliciously prosecute the defendant in a case that they knew for surety was not only fraudulent but involved evidence from another man's case that was suspiciously dismissed due to a

lack of evidence. This happened all around the sametime Plaintiff's case was proceeding through the courts. There can be no defense here due to court records showing the multiple attempts made to mitigate these issues. Well within the Philadelphia court system and The District courts of Pennsylvania as well ( see Chambers v. Bogan).

### The eighth alleged affirmative defense

Counsel is now continuously stating the same claim over and over. The alleged affirmative defense is answered multiple times above in previous responses by the Plaintiff herein this Official response. The defendants actions were deliberate and motivated by corruption and with a continuance of malice.

### The ninth alleged affirmative defense

Once again this is a reworded alleged affirmative defense already addressed by the Plaintiff.

### The tenth alleged affirmative defense

There can be no "shield" protecting defendants, which would remove liability for the illegal actions of these defendants. Fraud and forgery is a crime that courts take very seriously and the evidence of these crimes are blatant.

### The eleventh alleged affirmative defense

The counsel has now frivolously attempted to claim a defense of barring the Plaintiff of his claims against the defendants due to HECK v. HUMPHREY. Once again, there was no conviction in the City of Philadelphia due to the nolle prossei filed on or about January 25th 2021. Furthermore, the Philadelphia courts have continued to violate the Plaintiff by not issuing a ruling in the suppression of evidence in the Plaintiff's criminal matter but did nolle prossesi the case refusing to prosecute.

### The twelth alleged affirmative defense

Once again the Plaintiff has repeatedly addressed the issues pertaining to this claim of being barred due to conviction. There has been no conviction in the ity of Philadelphia due to the nolle prossesi.

### In Conclusion

The Plaintiff Mark Chamberlain hereby pleads to the court to allow the claim of malicious prosecution to proceed to trial or negotiations between Plaintiff and defendants. All of the defendant's alleged affirmative defenses are flawed by not only evidence but by truth. For these reasons the courts should allow the proceedings to move forward.

Respectfully Submitted,

Mark Chamberlain                                                              Dated 7-24-2023

## CERTIFICATE OF SERVICE

I, Mark Chamberlain, hereby this certificate of service, notify the courts, that a copy of this motion is being sent to the United District Courts of Pennsylvania and to the above caption defendants Counsel by the name of Derek Kane Esquire at the below stated address:

CITY OF PHILADELPHIA LAW DEPT.
1515 Arch st-14th fl.
Philadelphia Pa. 19102



Mr. Mark Chamberlain
323 Greenway Ave.
Darby, PA. 19023

Clerk of Courts ED
James Byrne
United States District Courthouse
601 Market St.
Philadelphia, PA. 19106

RECEIVED JUL 27 2023